**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


KENYA LARON PROCTOR,

　　　　　Petitioner,

vs.　　　　　　　　　　　　　　　　　　　Case No. 3:11-cv-1192-J-32PDB

SEC'Y, FLA. DEP'T OF
CORR., et al.,

　　　　　Respondents.

_____

**ORDER**

　　　　Petitioner initiated this action by filing a pro se Petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 1, 2011.[1]  Petitioner challenges an October 22, 1999 state court (St. Johns County) judgment of conviction for attempted first degree murder, armed robbery and kidnapping, for which he received a forty-year term of imprisonment.  Petitioner contends that his illegal sentence resulted in a manifest injustice (ground one) and that the trial court erred in denying his motion to correct an illegal sentence (ground two).

　　　　Respondents contend that the Petition must be dismissed as untimely.  See Response to Petition/Motion to Dismiss (Doc. 16) (Response).  The Antiterrorism and

_____

[1]  Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date he handed it to prison authorities for mailing to this Court (December 1, 2011).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se filings in state court when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On June 20, 2000, the Fifth District Court of Appeal per curiam affirmed the trial court's October 22, 1999, resentencing of Petitioner, without issuing a written opinion.  Ex.

19;[2] Ex. 25.  Thus, Petitioner's conviction became final ninety days later on September 18,

2000.[3]  See Supreme Court Rule 13.3;[4] Clay v. United States, 537 U.S. 522 (2003); Ferreira

v. Sec'y for the Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of

limitations begins to run from the date both the conviction *and* the sentence the petitioner is

serving at the time he files his application become final because judgment is based on both

the conviction and the sentence.").

Accordingly, the one-year limitation period began to run on September 19, 2000, and

ran until May 31, 2001 (a period of 254 days), the day before Petitioner handed a motion to

correct an illegal sentence to prison authorities for mailing to the trial court.  Ex. 31.  The trial

court denied the motion on June 6, 2001.  Ex. 32.  Petitioner appealed; however, on

---

[2] The Court refers to each exhibit in Respondents' Appendix (Doc. 18) as "Ex."

[3] Respondent argues that, pursuant to the holding in Gonzalez v. Thaler, 132 S.Ct. 641, 653-56 (2012) (holding that, if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional ninety days for filing a petition for writ of certiorari), Petitioner's conviction became final thirty days after his conviction was affirmed on direct appeal (instead of ninety days) because Petitioner did not seek review in the Florida Supreme Court.  However, the Florida Supreme Court does not have jurisdiction to review a per curiam affirmance with no written opinion.  See Jackson v. State, 926 So.2d 1262, 1264 n.3 (Fla. 2006) ("Because the district court's decision in this case was an unelaborated per curiam decision, this Court does not have jurisdiction to review this claim").  "Although Petitioner did not seek review with the Supreme Court of Florida, the Court finds that Gonzalez is distinguishable . . . because filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile [and] Petitioner was not required to file such a petition in order for 90 additional days of the one-year limitations period to be tolled." Abrams v. Sec'y, Dept. of Corr., No. 6:13-cv-51-Orl-19TBS, 2013 WL 3422915, at *1 n.1 (M.D. Fla. July 8, 2013).
.

[4] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

September 13, 2001, the Fifth District Court of Appeal dismissed the appeal for lack of jurisdiction because the appeal was untimely filed.  Ex. 34.  The limitations period was not tolled during the pendency of Petitioner's untimely appeal.[5]  See Evans v. Chavis, 546 U.S. 189, 191 (2006) (explaining that a claim is pending during "the period between (1) the lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law"); Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "time limits upon its delivery"); Neal v. Sec'y Dep't of Corr., 271 F. App'x 893, 896 (11th Cir. 2008) (finding that a state prisoner's appeal from a state court's order denying a motion for post-conviction relief did not toll the limitations period, given the state court's determination that the appeal was untimely).

Therefore, the limitations period began to run again on June 7, 2001 (the day after the trial court denied the motion to correct an illegal sentence), and expired 111 days later on September 26, 2001.  Petitioner filed numerous applications for post-conviction relief after September 26, 2001, see Response at 5-13; however, even assuming that these applications were properly filed, they did not toll the federal one-year limitation period because it had already expired.  See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir.

---

[5] This court must defer to the Fifth District Court of Appeal's ruling that the appeal was untimely.  See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (citation omitted); Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (per curiam) (holding that a court is "bound by the state court's determination that the appeal was untimely").

2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Thus, this action was not timely filed.[6]

Petitioner appears to argue that the Court's failure to address the merits of the Petition would result in a fundamental miscarriage of justice due to Petitioner's illegal sentence.  See Petition at 11-12; Petitioner's Reply to Respondents' Response to the Order to Show Cause (Doc. 19); Petitioner's Request for Equitable Tolling (Doc. 21).  However, to invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial.  See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  Petitioner has not made the requisite showing.  Nor has Petitioner shown that this case presents an issue cognizable in a federal habeas action.

---

[6] As noted by Respondents, even assuming some of these subsequent applications tolled the limitation period, there was more than a three-year period (from January 20, 2005, to August 5, 2008) when Petitioner had no pending actions in state court.  See Response at 18 n.10.  Thus, this action is clearly untimely.

In sum, Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him.  Accordingly, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      Petitioner's requests for the entry of summary judgment in his favor (Docs. 8, 15, 25, 29, 39 and 40) are **DENIED**.

2.      Petitioner's requests to amend (Docs. 12 and 36) are **DENIED**.[7]

3.      Petitioner's Motion Requesting the District Court to Enter an Order (Doc. 37) is **DENIED**.

4.      Petitioner's Motion for an Evidentiary Hearing and or Motion for Expanding the Record (Doc. 42) is **DENIED**.

5.      Petitioner's Motion Requesting a Court Order (Doc. 43) is **DENIED**.

6.      The Petition (Doc. 1) is **DISMISSED** with prejudice.

7.      The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

8.      If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[8]  Because this Court has determined that a certificate of appealability is not

_____

[7] It would be futile to permit Petitioner to amend since this action must be dismissed as untimely.

[8]     If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a

warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

      9.     The **Clerk** shall close this case.

      **DONE AND ORDERED** at Jacksonville, Florida this 3rd day of March, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

ps 3/3
c:
Kenya Laron Proctor
Counsel of Record

---

constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.